## Smith v. Morris et al.

*John W. Crolly* and *Benjamin Weinstein*, for plaintiff.
*J. Julius Levy* and *Paul H. Maxey*, for defendants.

LEWIS, J., August 14, 1940.—This is a suit in trespass wherein the statement alleges that defendants conspired and agreed to injure plaintiff, to damage him in his business and occupation, to deprive him of his livelihood, to defame his character, to subject him to great loss and cause him to be imprisoned, intending at the same time to ruin plaintiff in his business and occupation.

The overt acts alleged in each paragraph of plaintiff's statement of claim commence with the following allegation:

"5. The defendants, well knowing the premises and intending to injure the plaintiff and to ruin him in his business and occupation, on or about the first day of May 1936, in the County of Lackawanna, unlawfully, wickedly, and maliciously conspired and agreed together to injure the plaintiff, to damage him in his said business and occupation, to deprive him of his livelihood, to defame his character, to subject him to great loss, and to cause him to be imprisoned."

All the subsequent paragraphs in plaintiff's statement from paragraph 5 to 17, inclusive, are identical, charging a civil conspiracy. The case came to trial before a jury; after a witness was sworn the testimony developed that the suit was commenced more than two years after the alleged tort.

The court being of the opinion that the action was barred by the various statutes of limitation in force in Pennsylvania at the time of the commencement of the suit entered a compulsory nonsuit; at the same time a rule was entered to show cause why the nonsuit should not be stricken off, returnable to the next term of argument court. The rule is now before the court for disposition.

Defendants' contention is there can be no action for conspiracy alone. We have examined the briefs of both sides with care and we are of the opinion that plaintiff's statement charges a civil conspiracy which is actionable under the common-law action known as an action under "case" and the statute of limitations is six years.

The law on this subject was fully considered by the Court of Common Pleas of Luzerne County in the case of Edelstein v. Cooperstein et al., 24 Luz. Leg. Reg. 53, 54, wherein Judge McLean stated the law, as follows:

"Plaintiff avers a conspiracy to injure the property, business and reputation of plaintiff, and the several separate overt acts of the conspirators done in pursuance of the unlawful combination; this constitutes the cause of action. The averment of setting up a competitive business is not a separate cause of action but simply an averment in aggravation of damages; the fact that each of the separate acts of the defendants might constitute a separate cause of action against each defendant, would not preclude a joint action against all when averred as acts of each in furtherance of the combination of all to do an unlawful act. The separate torts of each became the joint torts of all if proven that they were done in pursuance of the conspiracy joined in by all."

To the same effect we find that Judge Edwards of our own court in the case of Young v. Barit et al., 26 Lack. Jur. 152, upheld the contention of plaintiff that a civil action for conspiracy lies, and that plaintiff is entitled to recover if he makes out a case under the facts.

Under the circumstances we must hold that this was a common-law action which usually was brought under "case" and the statute of limitations is six years. Hence this was not barred by the statute of limitations and accordingly we must enter the following order:

Now, August 14, 1940, the rule to show cause why compulsory nonsuit should not be taken off is made absolute and the nonsuit hereinbefore entered is stricken off.